UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| ROBERT KALIN HUCKFELDT, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:16-cv-1227 |
| ) | |
| v. ) | Honorable Gordon J. Quist |
| ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## REPORT AND RECOMMENDATION

This is a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB) and supplemental security income (SSI) benefits. On April 22, 2014, plaintiff filed his applications for DIB and SSI benefits. Plaintiff alleged a June 22, 2013, onset of disability. (ECF No. 9-5, PageID.187-97). Plaintiff's claims were denied on initial review. (ECF No. 9-4, PageID.126-33). On September 23, 2015, he received a hearing before an ALJ. (ECF No. 9-2, PageID.66-99). On October 28, 2015, the ALJ issued his decision finding that plaintiff was not disabled. (Op., ECF No. 9-2, PageID.50-61). On September 27, 2016, the Appeals Council denied review (ECF No. 9-2, PageID.33-36), and the ALJ's decision became the Commissioner's final decision.

Plaintiff timely filed a complaint seeking judicial review of the Commissioner's decision. Plaintiff argues that the Commissioner's decision should be overturned on

the following grounds:

> I. Did the ALJ fail to comply with 20 C.F.R. § 404.1527 in not according adequate weight to the opinion of Mr. Huckfeldt's treating physicians because he failed to consider the various factors set forth in 20 C.F.R. § 404.1527(c) in evaluating the opinion of the treating physicians?
>
> II. Did the ALJ err in failing to find that Mr. Huckfeldt's vestibular disorder, in combination with other impairments, meets and/or equals the criteria of Listing 11.03 and or Listing 11.14 and did the ALJ and the Appeals Council[1] further err in evaluating this case at step 3 of the sequential evaluation process in summarily concluding that *"no acceptable medical source has mentioned findings equivalent in severity to the criteria of any listed impairment, individually or in combination,"* when such evidence was in the record and in failing to provide sufficient reasons for discrediting the treating specialist physician's opinion that Listing 11.03 was met or equaled?
>
> III. Did the ALJ violate SSR 96-8p in not explaining how Mr. Huckfeldt's asthma, GERD, lymphoma and obstructive sleep apnea affected his ability to work?

(Plf. Brief at 1, ECF No. 13, PageID.739). I recommend that the Commissioner's decision be vacated and the matter remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

## Standard of Review

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel.*

---

[1] The portion of plaintiff's second ground claiming error by the Appeals Council must be ignored. The Appeals Council denied review. The scope of the Court's review is defined by statute and does not encompass the Appeals Council's discretionary decision whether to grant review. *See Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001) ("No statutory authority (the source of the district court's review) authorizes the court to review the Appeals Council decision to deny review.").

*Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013) ("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the

-3-

evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

## The ALJ's Decision

The ALJ found that plaintiff met the disability insured requirements of the Social Security Act through March 31, 2018. (Op. at 3, ECF No. 9-2, PageID.52). Plaintiff had not engaged in substantial gainful activity on or after June 22, 2013, the alleged onset date. (*Id.*). Plaintiff had the following severe impairments: mild traumatic brain injury status-post motorcycle accident, fracture of the left upper extremity, left leg swelling, dizziness, and obesity. (*Id.*). Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of a listing impairment. (*Id.* at 4, PageID.53). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a range of light work with the following exceptions:

> he can only occasionally bend, turn, crouch, stoop, climb, crawl, or kneel. He is unable to walk greater than two city blocks at any given time. He is unable to work around moving machinery or unprotected heights.

(Op. at 4, PageID.53). The ALJ found that plaintiff's testimony regarding his subjective limitations was not fully credible. (*Id.* at 4-10, PageID.53-59). Plaintiff could not perform any past relevant work. (*Id.* at 11, PageID.60).

The ALJ considered the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age with his RFC, education, and work experience, the VE testified that there were approximately 666,000 jobs in the national economy that the hypothetical person could perform. (ECF No. 9-2,

PageID.92-94). The ALJ found that this constituted a significant number of jobs. Using Rule 202.21 of the Medical-Vocational Guidelines as a framework, the ALJ found that plaintiff was not disabled. (Op. at 11-12, ECF No. 9-2, PageID.60-61).

## Discussion

The Court need only address plaintiff's argument that the ALJ failed to evaluate plaintiff's impairments under Listing 11.03 at step three of the sequential analysis. A claimant bears the burden of demonstrating that he meets or equals a listed impairment. *Evans v. Secretary of Health & Human Servs.*, 820 F.2d 161, 164 (6th Cir.1987). A claimant must establish that his condition either is permanent, is expected to result in death, or is expected to last at least 12 months, as well as show that his condition meets or equals one of the listed impairments." *Id.* An impairment satisfies the listing only when it manifests the specific findings described in the medical criteria for that particular impairment. 20 C.F.R. §§ 404.1525(d), 416.925(d). A claimant does not satisfy a particular listing unless all of the requirements of the listing are present. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003). If a claimant meets his burden, the Commissioner will find her disabled without considering the claimant's age, education and work experience. 20 C.F.R. §§ 404.1520(d), 416.920(d).

In this case, plaintiff's attorney secured on opinion from John Zappia, M.D., a treating physician, expressing an opinion that plaintiff's vestibular disorder in combination with other impairments was equivalent in severity to listing 11.03 for

epilepsy.[2]    (ECF No. 9-12, PageID.731).    Plaintiff's attorney's prehearing memorandum invoked listing 11.03 and another listed impairment.  (ECF No. 9-6, PageID.263).  The attorney's closing statement emphasized Dr. Zappia's opinion that plaintiff's impairments equaled the requirements of listing 11.03.  (ECF No. 9-2, PageID.97-98).

> The ALJ devoted one paragraph to step III of the sequential analysis:
>
> Individually and in combination, the medical evidence does not document impairments of listing level severity, and no acceptable medical source has mentioned findings equivalent in severity to the criteria of any listed impairment, individually or in combination.  The undersigned has evaluated the signs, symptoms and laboratory findings of the claimant's severe impairments, finding that they do not meet or medically equal in severity or duration the criteria of any impairment found in 20 CFR Part 404 Subpart P, Appendix 1 (Listing of Impairments).

(Op. at 4, ECF No. 9-2, PageID.53).  The ALJ failed to discuss the specific elements of any listed impairment.

His statement that no acceptable medical source had "mentioned findings equivalent in severity of the criteria of any listed impairment" is manifestly incorrect. "As presented, the ALJ's factual findings are supported by no evidence." *Oldenkamp v. Commissioner*, No. 1:13-cv-1303, 2015 WL 505805, at *4 (W.D. Mich. Feb. 6, 2015). The ALJ's opinion contains no reference to, much less analysis of, Listing 11.03 which was repeatedly raised by plaintiff's attorney and supported by a statement from a treating physician.

---

[2] There is a question whether the form supplied to Dr. Zappia accurately reflected the requirements of Listing 11.03, but that was a matter that the ALJ should have addressed.

The Sixth Circuit has held that an ALJ commits error by failing to analyze the plaintiff's condition in relation to the listed impairment. *See Reynolds v. Commissioner*, 424 F. App'x 411, 415-16 (6th Cir. 2011). The ALJ needed to actually evaluate the evidence, compare it to Listing 11.03 and give an explained conclusion, in order to facilitate meaningful review. Without it, it is impossible to say that the ALJ's decision at step three was supported by substantial evidence. *Id.* at 416; *see also Oldenkamp v. Commissioner*, 2015 WL 505805, at *4-5.

This is not an instance where the ALJ "made sufficient factual findings elsewhere in his decision to support the conclusion at step three." *Forrest v. Commissioner*, 591 F. App'x 359, 366 (6th Cir. 2014); *see Gordon v. Commissioner*, No. 1:16-cv-301, 2016 WL 7486278, at *4 (W.D. Mich. Dec. 30, 2016). The ALJ's statement that he was giving "some weight" to Dr. Zappia's medical source statement without mentioning the doctor's opinion that plaintiff equaled the requirements of Listing 11.03 (Op. at 10, PageID.59) does not suffice. Further, the ALJ's lack of analysis of Dr. Zappia's opinion that plaintiff equaled the requirements of Listing 11.03 also constituted violation to plaintiff's procedural right to "good reasons" for the ALJ's decision to reject that opinion. *See Gayheart v. Commissioner*, 710 F.3d 365, 376 (6th Cir. 2013).

I am recommending that the Commissioner's decision be vacated because the ALJ made no attempt to support his factual findings with evidence, not because the record strongly establishes plaintiff's entitlement to benefits. It is uncertain whether plaintiff can meet his burden of establishing equivalency between his impairments

and Listing 11.03 or the other listing mentioned in plaintiff's prehearing brief. That answer can come only after the ALJ completes his analysis of those issues.

## Recommended Disposition

For the reasons set forth herein, I recommend that the Commissioner's decision be vacated and the matter remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.


Dated: February 27, 2018          /s/  Phillip J. Green
                                  PHILLIP J. GREEN
                                  United States Magistrate Judge


## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).